Dacely D. Garcia
State Bar Number: 217131
Dacely D. Garcia, APLC
424 F Street, Suite 205
San Diego, CA 92101
Telephone: (619) 702-2013
dg@dgarcialaw.com

Attorney for Defendant
RONNIE LUNGELOW

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HONORABLE JAMES E. SIMMONS, JR.)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 23CR0639-JES |
| Plaintiff, | |
| v. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| RONNIE LUNGELOW, | Date: March 15, 2024 |
| Defendant. | Time: 9:00 a.m. |

**TO:   TARA K. MCGRATH, UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF CALIFORNIA; PARKER GARDNER-ERICKSON, ASSISTANT UNITED STATES ATTORNEY; CYNTHIA ORNELAS, UNITED STATES PROBATION OFFICER:**

Defendant RONNIE LUNGELOW, by and through his counsel, Dacely D. Garcia,

hereby files the following Defendant's Sentencing Memorandum and respectfully

requests for a custodial sentence of **24 months**.

*///*

1

# I.

## INTRODUCTION

On June 6, 2023, Mr. RONNIE LUNGELOW (hereinafter referred to as Mr. LUNGELOW) pled guilty to a one count Information, charging him with importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and § 960.

Mr. LUNGELOW is currently out of custody, on bond.

# II.

## STATEMENT OF FACTS

Mr. LUNGELOW adopts the factual basis recited in the plea agreement that he entered into on June 6, 2023.  Additionally, Mr. LUNGELOW adopts the facts that he reported to USPO Cynthia Ornelas on June 27, 2023, and are recounted in the Presentence Investigation Report (hereinafter referred to as the "PSR").

# III.

## INDIVIDUAL BEFORE THE COURT

A captivating addiction to methamphetamine and alcohol has controlled most of RONNIE LUNGELOW's adult life.  His first exposure to drugs came at the early age of 12.  For the next five years, Mr. LUNGELOW used marijuana on a daily basis.  At the age of 16, he also began consuming alcohol.  But what had the most devastating hold was methamphetamine, which he began using at the age of 24.  Although his consumption tittered between daily and sporadic at times, methamphetamine and alcohol seemed to have been the main factors guiding his poor decisions from a young age.

DEFENDANT'S SENTENCING MEMORANDUM                                   23CR0639-JES

While a difficult childhood is not an excuse to criminal livelihood, it appears to have played a significant role in Mr. LUNGELOW's life choices.  Mr. LUNGELOW's parents—Anthony Davidson (deceased at age 65) and Jolene McGee (deceased in her 60s)—separated when he was only two years old.  His father had been a heroin addict who later overpowered his addiction and became a drug treatment counselor.  He passed away suddenly from heart issues in 2017.  His mother was a nurse.  She passed away from colon cancer in June of 2023.

By the age of five, Mr. LUNGELOW's mother had entered into a relationship with Moses McGee (deceased at age 56).  Mr. McGee was an alcoholic and an abusive stepfather.  He often resorted to physical force to discipline Mr. LUNGELOW.  From this union, two half-sisters were born—Jontelle and Moses Seffens.  He has one other maternal half-sister named Desiree Lungelow.

In addition to the physical abuse that Mr. LUNGELOW endured at the hands of his stepfather, he also was witness to domestic violence between his mother and stepfather.  Mr. LUNGELOW also recalls that his parents did not demonstrate affection towards him.  PSR ¶ 65.  His difficult upbringing, along with his father's abandonment and lack of guidance as a youth, contributed to his decision to use drugs at an early age.

At the age of 15, Mr. LUNGELOW began having sporadic contact with his father and learned that he had relocated to San Diego, California, and had a new family.  He also learned that he has three paternal half-sisters—Cynthia, Megan and Kylie.  Mr.

3

LUNGELOW never developed a close connection with his father and does not have contact with his half-sisters.

Mr. LUNGELOW struggled with school due to issues with Attention Deficit and Hyperactivity Disorder (ADHD), which made him hyperactive and prevented him from focusing on academics.  He also remembers being bullied at school for his short stature and lack of "nice clothes."  PSR ¶ 98.  However, he excelled in sports.  He was part of the wrestling team in middle school and a football player in high school.  Mr. LUNGELOW was awarded player of the year twice in high school for his positions as a fullback and linebacker.  Although he dropped out of high school in the 11th grade, he subsequently earned his GED and attended Anoka Technical College in Anoka, Minnesota for two years.

At the age of 17, Mr. LUNGELOW began a romantic relationship with Sarah Lungelow (age 38) and subsequently moved in together.  The two married six years later.  They have two sons, Jovan (age 21) and Desean (age 15).  Jovan is an electrician and currently resides in Fort Worth, Texas.  Jovan is a student and resides with his mother.

After the birth of Jovan, Ms. Lungelow's issues with anxiety and depression exacerbated.  She started consuming alcohol regularly to cope.  She battled with alcoholism for several years which not only caused her many health issues, but eventually the demise of the marriage.  Due to the additional stressors of his marriage, Mr. LUNGELOW also started using methamphetamine.

From the age of 26 to 36, Mr. LUNGELOW became the primary caretaker of his son Jovan and later, his minor son Desean, and seized using methamphetamine. It does appear from Mr. LUNGELOW's criminal history that he, too, was struggling with alcohol abuse during this time which led him to commit a series of driving and theft-related offenses.

After the end of Mr. LUNGELOW's marriage, and subsequent stomach cancer diagnosis, he relapsed and began using methamphetamine again. At the time, he had "given up on life" altogether. PSR ¶ 88. In December of 2022, Mr. LUNGELOW moved to San Diego, where he has remained. He is currently in a new and stable relationship with Ms. Jessica Branch (age 38). Ms. Branch has her own business as a dog groomer. While out on pretrial release in this case, Mr. LUNGELOW has been working with Ms. Branch as a dog groomer. Ms. Branch has been supportive of Mr. LUNGELOW as he undergoes drug treatment and believes that he will do better in the future. PSR ¶ 73.

At the onset of Mr. LUNGELOW's pretrial release, he struggled to come to terms with his addiction. This Court gave him one last opportunity to remain on bond and ordered him to complete a 90-day residential rehabilitation program at CRASH, which he did successfully. *See* Exhibit A. After completing the program, Mr. LUNGELOW voluntarily entered the Fairmont Park Recovery sober living program on December 26, 2023. *See* Exhibit B. He has demonstrated much growth during the last two months there and continues to actively work on his personal recovery. *See* Exhibit C.

5

# IV.

## INVOLVEMENT IN THE INSTANT OFFENSE

### A. Motivation and Remorse

Mr. LUNGELOW decided to participate in the instant offense for financial reasons.  At the time, Mr. LUNGELOW was unemployed in a new city and his work compensation settlement had been depleted.  He did not have the funds to provide for his daily necessities.  PSR ¶ 17.  Since, Mr. LUNGELOW has made significant efforts to correct his behavior, including much needed drug rehabilitation.  He accepted responsibility early on in the criminal proceedings, and has expressed sincere remorse for his actions.  This mistake caused him his freedom, and he feels bad that his decision to bring drugs into this country had a negative impact on the community and exposed families to drug use.  *Id*.

### B. Mitigating Role

The parties agree that Mr. LUNGELOW had a minor role in the offense and jointly request a minor role adjustment in this case.  As the case agent surmised, Mr. LUNGELOW's role was that of a typical courier.  PSR ¶ 3.  The evidence in this case shows that Mr. LUNGELOW was not a leader or organizer, nor was he fully aware of the scope and structure of the criminal activity he was undertaking.  He was recruited to be a body carrier and had no decision-making authority or influence.  What Mr. LUNGELOW stood to benefit from his criminal activity was minimal in comparison to

others in the drug trafficking organization.

Mr. LUNGELOW's participation as a body carrier was not essential or indispensable to the drug trafficking organization. He was just a courier and easily replaceable. Nevertheless, the fact that he may have performed an essential or indispensable role in the criminal activity is not determinative. [USSG § 3B1.2(b), application note 3(C)(v).] As such, Mr. LUNGELOW may receive an adjustment under this guideline if he is substantially less culpable than the average participant in the criminal activity. (*Id.*)

Based on Mr. LUNGELOW's limited participation as a body carrier/courier for the drug trafficking organization, it is clear that he played a minor role in the offense, under USSG §3B1.2.

## C. Overrepresentation of Criminal History

Mr. LUNGELOW has some criminal history which began when he was a minor. Without strong parental guidance, he continued a pattern of mostly petty offenses into adulthood. He suffered his first felony conviction in 2008, at the age of 24, for aggravated robbery in the second degree in his hometown in Anoka County, MN. While serious, he was given 27 months of custody, which was stayed. He ended up serving 150 days in custody and additional time due to several violations of probation. The remaining criminal history points that Mr. LUNGELOW has accrued in the last 15 years has been mostly driving under the influence or petty theft offenses. In 2012, he served 15 days of

a 90-day custodial sentence (75 days stayed) for a theft misdemeanor offense.  In 2014, he served 30 days (335 days of custody stayed) for driving under the influence of alcohol. In 2017, he suffered his second felony conviction for threats of violence.  In that case, his entire 18 months of custody was stayed, and he did 30 days of community work in lieu of custody.  In 2018, Mr. LUNGELOW suffered another theft offense, for which the court stayed 30 days of custody.  The next three misdemeanor convictions in 2019 and 2020 are for counterfeiting of currency.

A Criminal History Category V in Mr. LUNGELOW's case seems to overrepresent his long, yet unsophisticated/minor criminal offenses, for which the majority of custody was stayed.  The majority of the offenses in the past 15 years are misdemeanors or theft-related offenses, and primarily due to a serious addiction to alcohol and/or drugs.  The instant case will be Mr. LUNGELOW's first federal felony conviction and the first time he is facing a significant custodial prison sentence.  Mr. LUNGELOW respectfully requests that this court view his criminal history for what it really is and consider a departure for overrepresentation of criminal history.

///

///

///

///

///

DEFENDANT'S SENTENCING MEMORANDUM                                    23CR0639-JES

# V.

# THE GUIDELINES

Mr. LUNGELOW maintains the following Guidelines are applicable and appropriately applied in this case, pursuant to the plea agreement:

Base Offense Level [USSG §2D1.1(c)(1)]                      30

Minor Role [USSG §3B1.2(b)]                                 -2

Safety Valve [§§2D1.1(b)(18) and 5C1.2]                     -2

Acceptance of Responsibility [USSG §3E1.1(a)]              -3

Fast Track [USSG §5K3.1]                                   -4

Adjusted Base Offense Level                                19

Mr. LUNGELOW has eleven (11) criminal history points and is in Criminal History Category V.  The Adjusted Offense Level is nineteen (19).  The resulting guideline range is fifty-seven to seventy-one (57-71) months.

A.     **Departure under 5K2.0, Combination of Factors**

Mr. LUNGELOW further requests a four-level (-4) departure for a combination of mitigating factors, under U.S.S.G. §5K2.0, that include among other factors, Mr. LUNGELOW's mental health and emotional condition (5H1.3), physical condition, drug and alcohol dependence (5H1.4), employment record (5H1.5), lack of guidance as a youth (5H1.12), overrepresentation of his criminal history and post-offense rehabilitation.  His resulting guideline range following the departure would be 37-46 months.

# VI.

## THE COURT MUST CONSIDER THE DIRECTIVES
## SET FORTH IN 18 U.S.C. § 3553(a)

Mr. LUNGELOW, under his plea agreement, may seek variances or sentencing reductions under 18 U.S.C. §3553(a), and the Court should consider all of the factors set forth in that section when making a sentencing determination. *Booker*, 543 U.S. 220.  The factors set forth in §3553(a) fall into three general categories: (1) the nature of the offense; (2) the history and character of the defendant; and (3) the needs of the public and the victims of the offense.

In the instant case, each category considering the specific statutory factors under §3553(a) weighs in favor of granting Mr. LUNGELOW a fair and reasonable sentence.

A.    **The Nature of the Offense**

First, the Court should consider the nature of the offense.  The offense with which Mr. LUNGELOW is charged and convicted, importation of methamphetamine, is non-violent as committed.  In addition, there was nothing dangerous or particularly egregious in the manner in which this offense transpired.  Post-arrest, Mr. LUNGELOW was cooperative and forthcoming with the government and pled guilty early in the criminal process.

///

///

DEFENDANT'S SENTENCING MEMORANDUM                                      23CR0639-JES

Mr. LUNGELOW fully understands the gravity of his actions and deeply regrets his participation in the offense.  Additionally, he accepted responsibility early on in the criminal proceedings, thereby saving the government valuable time and resources.

**B.    <u>History and Character of the Defendant</u>**

Second, the Court should consider the history and character of the defendant.

**1.    Mr. LUNGELOW' Criminal History**

Mr. LUNGELOW has eleven (11) criminal history points, of which his most serious conviction occurred well over 15 years ago, when he was only 24 years old.  The instant offense will be Mr. LUNGELOW's first federal conviction.  He was not under a term of probation/parole at the time that he committed the instant offense.

**2.  Mr. LUNGELOW' Background and Character**

**a.  *Mental and Emotional Health***

Mr. LUNGELOW was diagnosed with ADHD as a child.  PSR ¶ 84.  He also had issues with depression and anxiety, which were likely due to his unstable home environment.  *Id.* at 85.  These mental health conditions led him to experience suicidal ideations.  *Id.* at 86.  Mr. LUNGELOW has never received mental health counseling but could benefit from treatment to address his anxiety and depression.

**b.  *Physical Condition, including Drug and Alcohol Dependence***

Mr. LUNGELOW has a long history of injuries and medical conditions that have taken a toll on his overall health.  In 2021, he was diagnosed with gastrointestinal cancer,

which causes him significant discomfort and pain.  He also suffers from kidney stones, sometimes requiring hospitalizations.  Most recently, he was placed on a heart monitor due to heart health concerns.  He takes medication to control his high blood pressure and prediabetes.  He also has difficulty walking or standing for long periods of time due to his various conditions and injuries.  Among the most serious injuries, he suffered significant damage to his anterior cruciate ligament (ACL, knee/leg) and labrum ligament (hip) when a washing machine fell on his leg at his place of employment.  This injury left him disabled and unable to work in any physically demanding environment and any employment requiring walking and long periods standing.

This court should also consider Mr. LUNGELOW's drug and alcohol dependence. Mr. LUNGELOW admitted to the probation officer that he has used marijuana since he was 12 years old.  He also started to use alcohol at the age of 16, which appears to have contributed to his criminal history.  An addiction to methamphetamine, however, has controlled a large portion of his adult life and is directly responsible for his current predicament.

While Mr. LUNGELOW has already started his road to recovery, he would benefit from participating in the Residential Drug Abuse Program (RDAP) while in custody.

### c. Education and Employment Record

Mr. LUNGELOW has a GED and some college credits.  In addition, he has a long history of gainful employment.  While out on pretrial supervision, Mr. LUNGELOW has

been employed as a dog groomer.  Prior to becoming disabled due to a work-related injury, Mr. LUNGELOW was a lead warehouse worker of A1 Appliance Sales and Recycling Center in Anoka, MN.  He was considered a "hard worker" who would be rehired if he returned.  *See* PSR ¶ 101.  He also has experience as a tool and die technician, a bouncer, forklift operator, and maintenance.  Unfortunately, his physical condition has hindered his capacity to do more strenuous physical labor.

### d.  *Lack of Guidance as a Youth*

It appears from Mr. LUNGELOW's personal history that he lacked parental guidance as a youth.  His father abandoned the family when he was only 2 years old.  Then he was traumatized by domestic violence and physically abused by his stepfather.  He felt isolated and neglected, as his parents did not demonstrate any affection towards him.  The only attention he received was whenever he did anything wrong" which often times ended up in a beating.  PSR ¶ 65.  From a young age, Mr. LUNGELOW resorted to drugs and alcohol to ease his ongoing anxiety and depression.

### e.  *Post-Offense Rehabilitation*

The road to drug rehabilitation has been difficult and ongoing.  Mr. LUNGELOW successfully completed 90 days in residential rehabilitation program in December of 2023.  Exhibit A.  In December of the same year, he entered a sober living outpatient drug rehabilitation program at Fairmont Park Recovery, Inc.  *See* Exhibits B and C.  While he has done phenomenally well in this sober living, he would certainly benefit

from additional time in a sober environment.  As the house manager explains in his letter to the court, incarceration at this point would impede all the progress he has made Mr. LUNGELOW's progress and perhaps send him "down a path of crime."  Exhibit C.

## C.   <u>Needs of the Public and the Victim</u>

Finally, the Court should consider the needs of the public and the victim, where applicable.  Although Mr. LUNGELOW has a long history of criminal convictions, most are dated, misdemeanors and non-violent.  This is a case that although serious, has no identifiable victims.  During the commission of the instant offense, Mr. LUNGELOW did not physically harm anyone.  Society at large does not need protection from Mr. LUNGELOW.  In fact, it appears that Mr. LUNGELOW can make positive contributions to his community through his employment.  He also has a supportive partner who can facilitate employment.  Accordingly, all three categories weigh in favor of a fair and reasonable sentence for Mr. LUNGELOW.

## VII.
## <u>SENTENCING RECOMMENDATION</u>

Mr. LUNGELOW respectfully requests the Court grant the requested downward adjustments and departures, as well as a substantial variance.  He pleads to this court sentence to a **24-month sentence**.  A reasonable sentence would give Mr. LUNGELOW the opportunity to address his drug/alcohol addiction in RDAP or, if the court would consider a non-custodial sentence, at a residential or outpatient drug treatment program.

14

Mr. LUNGELOW urges this Court to consider all the positive factors attributed to him in this case.  These include his minor role in the offense, the overrepresentation of his criminal history and combination of mitigating factors, coupled with all the 3553(a) factors.  This Court should arrive at the same conclusion that the requested sentence would be a fair and just sentence in this case.

Dated: <u>March 8, 2024</u>                              Respectfully Submitted,
                                                     <u>*/s/Dacely Garcia*</u>
                                                     Dacely D. Garcia

                                                     Attorney for Defendant
                                                     RONNIE LUNGELOW

15